**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICTOR CODY, | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-20387 (JMV) |
| v. | : | |
| | : | **OPINION & ORDER** |
| CINDY SWEENEY, et al., | : | |
| Respondents. | : | |

Before the Court is Petitioner's amended motion seeking a stay and abeyance of this matter while he pursues unexhausted claims in state court through his first post-conviction relief ("PCR") petition. (D.E. 6.) In an earlier Order, the Court directed Petitioner to submit a more detailed Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and motion to stay, as his earlier submissions were almost entirely blank. (D.E. 4.) Petitioner has since complied with that Order. (D.E. 5, 6.)

To merit a stay, Petitioner must establish: (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Petitioner's unexhausted claims in his first PCR petition are of the ordinary ineffective assistance of trial counsel variety. Due to a delay in the filing of his PCR petition for certification before the Supreme Court of New Jersey, he filed his initial § 2254 petition as a protective petition,

in order to preserve his one-year limitations period under the Antiterrorism and Effective Death Penalty Act. (D.E. 6-1.)

As a result, the Court finds that Petitioner demonstrates "good cause" under *Rhines* to issue a stay. *See, e.g.*, *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that it is prudent to file a protective § 2254 petition while pursuing state collateral relief). Further, the Court finds that the claims are not "plainly meritless," and that it does not appear that Petitioner is engaging in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. Consequently, the Court concludes that Petitioner has met his burden under *Rhines* and will grant his request to stay this matter. The Court does not, however, make any finding as to the timeliness of Petitioner's initial § 2254 petition. Accordingly,

IT IS, on this 29th day of July 2021,

**ORDERED** that Petitioner's motion to stay this matter, (D.E. 6.), is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this matter until Petitioner has exhausted the claims in his first PCR petition; and it is further

**ORDERED** that within thirty (30) days of exhausting his claims, *i.e.*, after a final decision from the Supreme Court of New Jersey, Petitioner may request that this Court reopen this matter and lift the stay; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Petitioner by regular mail.

JOHN MICHAEL VAZQUEZ
United States District Judge